# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1339
_____

WILLIAM A. THOMASON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Okaloosa County.
Terrance R. Ketchel, Judge.

July 10, 2024


PER CURIAM.

William Thomason appeals an order summarily denying his motion for postconviction relief brought under Florida Rule of Criminal Procedure 3.850. He raised eight grounds of ineffective assistance of counsel in his motion. He challenges the denial of seven on appeal. We reverse.

The postconviction court summarily denied Thomason's motion without an evidentiary hearing. Its rationale was that Thomason failed to show prejudice sufficient to overcome the abundant evidence of his guilt presented at trial. Thomason argues the postconviction court erred when it summarily denied his motion without an evidentiary hearing. He contends that the claims presented in the amended motion were based on matters

contained in the record and transcripts that the postconviction court failed to attach to its order. We agree. The postconviction court attached only excerpts of trial testimony it deemed sufficient to overcome the prejudice prong. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a claim for ineffective assistance of counsel requires a showing of counsel's deficient performance and prejudice caused by that deficient performance). But it did not attach other portions of the trial transcripts, opening statements and closing arguments, or the suppression hearing transcripts. All of these were relevant to Thomason's claims and formed the basis for his argument for prejudice.

On appeal from the summary denial of claims raised in a rule 3.850 motion without an evidentiary hearing, "unless the record shows conclusively that the appellant is entitled to no relief, the order must be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(D). It is not enough for the postconviction court to conclude that the evidence of Thomason's guilt was strong. Our obligation on appeal is to evaluate whether the postconviction court's order and attachments *conclusively* refute Thomason's claims. But neither the order nor the attachments directly confront the claims. Without attachments to address the claims, we cannot say that they are conclusively refuted.

We reverse and remand for the trial court to attach records that conclusively refute the claims or to hold an evidentiary hearing. *See Bilus v. State*, 332 So. 3d 1137 (Fla. 1st DCA 2022).

REVERSED AND REMANDED.

LEWIS, BILBREY, and LONG, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Jason T. Forman and Dalianett Corrales of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for Appellant.

Ashley Moody, Attorney General, and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, for Appellee.